

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00145-CR

FERNANDO CALDERON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 34711CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Fernando Calderon pled guilty to the third-degree felony of evading arrest or detention with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Supp.). Calderon signed the written-plea admonishments and proceeded to a hearing on punishment. After his open plea of guilty and a punishment hearing, the trial court sentenced Calderon to ten years' incarceration. Calderon appeals.

Calderon's counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 28, 2026, counsel sent copies of the brief, the record, and a letter outlining Calderon's pro se rights to him. Calderon was informed of his rights to review the record and file a pro se response within thirty days of receipt of the documents. In his motion to withdraw, counsel also certified that he sent a copy of the motion to withdraw via certified mail to Calderon. On February 17, 2026, we received Calderon's motion for extension of time to file his

brief, which was granted. On March 25, 2026, Calderon filed an "Emergency Pro Se Motion to Abate Appeal, Hold Motion to Withdraw in Abeyance, Appoint Substitute Appellate Counsel, or Alternatively Compel *Anders*/*Kelly*[1] Compliance and Extend Time." On April 6, 2026, counsel filed with this Court a copy of his letter to Calderon wherein he states he sent the appellate record to Calderon on March 31, 2026. On April 7, 2026, this Court denied Calderon's motion to abate the appeal and appoint new counsel, but we granted his motion to compel compliance and for an extension of time. The extension allowed Calderon to file a brief on or before May 22, 2026.

By letter dated June 8, 2026, this Court informed Calderon that the case would be set for submission on June 29. We received neither a pro se response from Calderon nor any further motions requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

---

[1]*See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

We affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:     June 29, 2026
Date Decided:       July 13, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.